IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID EDWARD COTTON,

                        Plaintiff,

            v.                          Civil Action No. 24-483-CFC

JENNIFER SHALK; DOE 1; and
DOE 2,

                        Defendants.

David Edward Cotton, Wilmington, Delaware.  Pro Se Plaintiff

**<u>MEMORANDUM OPINION</u>**

September 6, 2024
Wilmington, Delaware

COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff David Edward Cotton has sued Defendants Jennifer Shalk, Doe 1, and Doe 2, alleging civil rights violations under 42 U.S.C. § 1983.  D.I. 1.  Cotton proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.  D.I. 7.

## I.   BACKGROUND

The following allegations are taken from the Complaint.

Cotton is a resident of Wilmington, Delaware.  D.I. 1 at 2.  On January 21, 2024, Cotton was at MeadowWood Behavioral Health Hospital in New Castle, Delaware.  D.I. 1 at 3–4.  Between 6:30 and 7:30 p.m., Doe 1, a member of MeadowWood's housing staff, called Cotton homophobic slurs and goaded Cotton to fight him.  D.I. 1 at 4.  Doe 1 then assaulted Cotton.  D.I. 1 at 4.  At some point, Doe 2, another member of MeadowWood's housing staff, joined Doe 1 in assaulting Cotton.  D.I. 1 at 4.  After the assault, Doe 1 told Cotton that he was an off-duty police officer, and that if Cotton reported the assault, Doe 1 would have Cotton arrested.  D.I. 1 at 4.  Cotton suffered bruises and cut marks from the assault.  D.I. 1 at 4.

Cotton subsequently sued Shalk—chief executive officer of MeadowWood Behavioral Health Hospital—in her official capacity, and Doe 1 and Doe 2 in their individual capacities, for violating the equal protection clause of the Fourteenth

Amendment.  D.I. 1 at 4–5.  Cotton seeks $50,000 in punitive damages from

Doe 1, $50,000 in punitive damages from Doe 2, and $250,000 in punitive

damages from Shalk.  D.I. 1 at 5.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and thus may adjudicate

cases and controversies only as permitted under Article III of the Constitution.

U.S. Const. art. III, § 2; *see also Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d

319, 323 (3d Cir. 1998).  Because of this limited jurisdiction, federal courts "have

an independent obligation to determine whether subject matter jurisdiction exists,

even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546

U.S. 500, 514 (2006).  If at any time, a federal court determines that subject matter

jurisdiction is lacking, it must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).  In

determining whether a *pro se* complaint asserts a valid basis for subject matter

jurisdiction, courts construe the complaint liberally in favor of the plaintiff.  *See*

*Erickson v. Pardus*, 551 U.S. 89, 93–94 (1976).

## III.   DISCUSSION

Construing Cotton's complaint liberally, it appears that Cotton is attempting

to invoke jurisdiction under 28 U.S.C. § 1331 (federal question) or 28 U.S.C.

§ 1343 (civil rights violations) by way of asserting civil rights violations under

42 U.S.C. § 1983.  Under either jurisdictional statute "[a] determination of subject

matter jurisdiction under § 1983 is closely related to a determination of the claim on the merits since the court's ability to hear a § 1983 claim does not arise from the statute itself, but rather arises because a violation of a federal constitutional right creates jurisdiction under other statutes." *Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 447 (D.N.J. 2007) (citing *Hagans v. Lavine*, 415 U.S. 528, 535 (1974)). To state a § 1983 claim, there must be allegations that some person has been deprived of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To show that a defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004). Here, however, the Complaint fails to allege that Defendants are state actors. *See generally* D.I. 1. Moreover, there is no indication that Defendants are state actors in their roles at MeadowWood Behavioral Health Hospital. To the contrary, I take judicial notice that MeadowWood Behavioral Health Hospital is a private psychiatric and addiction treatment facility. *See* MeadowWood Behavioral Health Hospital, ACADIA HEALTHCARE, https://www.acadiahealthcare.com/locations/meadowwood-behavioral-health-hospital/ [https://perma.cc/QW4T-9GJJ] (last visited September 5, 2024). Because there is no indication that Defendants are state actors, Cotton's § 1983 claim does

3

not provide a basis for jurisdiction. And after carefully reviewing the remainder of the Complaint, there are no other federal claims that would confer federal question jurisdiction.

The only other basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. Section 1332(a) requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. But here, the parties are not alleged to be completely diverse. Cotton is a resident of Delaware, and he lists the address of MeadowWood Behavioral Health Hospital—located in New Castle, Delaware—as the address for Shalk, Doe 1, and Doe 2.[1] D.I. 1.

Because there is neither federal question nor diversity jurisdiction, I lack subject matter jurisdiction over this case. Accordingly, I must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

## IV.  CONCLUSION

For the reasons discussed above, I will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

The Court will issue an Order consistent with this Memorandum Opinion.

---

[1] I take judicial notice that MeadowWood Behavioral Health Hospital is located at 575 S. Dupont Highway, New Castle, Delaware 19720. *See* Our Inpatient Location, MEADOWWOOD BEHAVIORAL HEALTH HOSPITAL, https://www.meadowwoodhospital.com/about/location// [https://perma.cc/8ET4-Z2XH] (last visited September 5, 2024).